**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

SLIDEBELTS, INC.,

                        Debtor.

Case No. 2019-25064-A-11

BMR-31

**MEMORANDUM**

Submitted on July 2, 2020

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:    Brian M. Rothschild, Parsons Behle &
                Latimer for Slidebelts, Inc.

1    Unless otherwise ordered, dismissal of a chapter 11 case results

2    in revesting of property in the estate.  11 U.S.C. § 349(b).

3    Slidebelts, Inc. filed chapter 11, incurring professional fees to its

4    counsel and to committee counsel.  It wishes to dismiss the case, pay

5    its counsel, and then immediately re-file the case under Subchapter V

6    of chapter 11.  As a condition of dismissal may the court require

7    payment on the same terms to committee counsel?

8    **I.    FACTS**

9    Slibebelts, Inc. manufacturers and sells belts used as articles

10   of clothing.  Unlike traditional belts, which employ a hole and tongue

11   method of size adjustments, Slidebelts' products adjust the size of

12   the belt by a slide mechanism.  Doing so allows a near infinite number

13   of size adjustments and flatter, i.e., less obtrusive, look.

14   Facing financial headwinds, Slidebelts filed Chapter 11.  Its

15   filing did not avail itself of the "small business debtor," 11 U.S.C.

16   § 101(51D), or "Subchapter V" small business debtor, 11 U.S.C. §

17   101(51(C) protections.[1]

18   Slidebelts, Inc. is represented by Parsons Behle & Latimer

19   ("PBL").  This court has approved compensation for PBL in the amount

20   of $192,000, some of which remains unpaid.

21   The U.S. Trustee appointed an Official Committee of Unsecured

22   Creditors.  The committee promptly employed Daren R. Brinkman,

23   attorney at law, and Dundon Advisors, LLC, as its counsel and its

24   financial advisor, respectively.  Both Brinkman and Dundon's

25   employment was approved by this court.  Each of the committee's

26   professionals have been working approximately three months but have

27

---

28   [1] Slidebelts, Inc. only became entitled to Subchapter V protections after the
     CARES Act increased applicable debt limits.

2

1    neither made application for fees, nor have been paid for services

2    rendered.

3        Planning to avail itself of the Paycheck Protection Funding

4    Program of the CARES Act[2] and then to re-file its Chapter 11 case under

5    Subchapter V of Chapter 11, Slidebelts moved to dismiss its chapter 11

6    case.  The Official Committee of Unsecured Creditors opposed, citing

7    *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017), and arguing

8    that the failure of the debtor to propose a mechanism for payment of

9    its professional fees amounted to an unlawful defacto structured

10   settlement.  The *Jevic* argument advances in three steps.  First, as of

11   the date of the debtor's request to dismiss the case committee

12   professionals are unpaid for serves rendered.  Second, absent

13   dismissal committee professionals would receive egalitarian treatment

14   vis-à-vis other professionals of its fees.  For example, if the case

15   continued in chapter 11, committee professionals would be entitled to

16   be paid in full on the effective date of the plan.  11 U.S.C. §

17   1129(a)(9)(A).  In contrast, if the case converted to Chapter 7,

18   committee professionals would hold priority claim and be entitled to

19   be paid in full or, if the case was administratively insolvent, pro-

20   rata payment of its priority claim, 11 U.S.C. §§ 503(b), 507(a)(2),

21

22

23   [2] The Small Business Administration, who administers those loans, takes the
     position that persons under protection of the bankruptcy court are not
     eligible for the Paycheck Protection Funding Program.  Armed with the
24   decisions of some bankruptcy courts, the debtor believes that the Small
     Business Administration may not deny an application for funds under the
25   Paycheck Protection Program Funding simply because the debtor is under the
     protection of the bankruptcy court.  *Roman Catholic Church of The Archdiocese
     of Santa Fe v. United States (In re Roman Catholic Church of The Archdiocese*
26   *of Santa Fe),* 2020 WL 2096113 (Bankr. D. NM May 1, 2020); *Alpha Visions
     Learning Academy, Inv. v. Carranza (In re James Skefos)*, 2020 WL 2893413
27   (Bankr. W.D. Tenn June 2, 2020).  In an effort to shortcut that dispute, the
     debtor planned to dismiss the bankruptcy, obtain the Paycheck Protection
28   Program Funding Loan and then refile its bankruptcy.

1  726(a)(1).  Third, if the chapter 11 case is dismissed and then

2  refiled (as now contemplated), committee professionals will lose their

3  priority status and be paid with general unsecured creditors,

4  notwithstanding full payment to the debtor's own professionals.

5       At the hearing, the court granted the motion to dismiss without

6  requiring Slidebelts Inc. to make provision for unpaid professional

7  fees incurred by the committee.

8       After the hearing, the court reconsidered its ruling and gave all

9  unpaid professionals approximately 40 days to file fee applications

10  and enjoined payment of professional fees until all such applications

11  had been resolved and all professionals paid in full or, if payment in

12  full was not possible, on a pro-rata basis.

13  **II.    PROCEDURE**

14       Slibebelts, Inc. now moves for relief under Rule 60(b) to

15  eliminate those portions of the court's order the dictate when and how

16  much, *e.g.*, in full or pro-rata, professionals will be paid.  It

17  contends that "This additional relief was not discussed by the parties

18  at the hearing, and the Debtor did not have the opportunity to inform

19  the Court of the detrimental effect of the language in the Modified

20  Order will have."  Motion for Rule 60(b) Relief 2:18-20, July 2, 2020.[3]

21  In Slidebelt's view, the prejudice arises from the approximate 40 day

22  delay necessary to sort out professional fees and will force it to

23  delay its re-filing or to retain new counsel.  *Id.* at 2:22-28.

24

---

25  [3] Slidebelts brought this motion under the expedited notice provisions of the Eastern District of California local rules.  LBR 9014-1(f)(2) (not requiring

26  written opposition).  Apparently, it did so because the date of the hearing was the last date under which it could make an application for Paycheck

27  Protection Payment Funds.  Even though written opposition was not required, the committee did so.  *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017) was not cited in the committee opposition but was discussed by

28  committee counsel during oral argument.

1    **III.   DISCUSSION**

2          As the Supreme Court in *Czyzewski v. Jevic Holding Corp.*, 137 S.

3    Ct. 973 (2017), noted a Chapter 11 "foresees three possible outcomes."

4          The first is a bankruptcy-court-confirmed plan. Such a plan
           may keep the business operating but, at the same time, help
5          creditors by providing for payments, perhaps over time. See
           §§ 1123, 1129, 1141. The second possible outcome is
6          conversion of the case to a Chapter 7 proceeding for
           liquidation of the business and a distribution of its
7          remaining assets. §§ 1112(a), (b), 726. That conversion in
           effect confesses an inability to find a plan. **The third**
8          **possible outcome is dismissal of the Chapter 11 case. §**
           **1112(b). A dismissal typically "revests the property of the**
9          **estate in the entity in which such property was vested**
           **immediately before the commencement of the case"—in other**
10         **words, it aims to return to the prepetition financial**
           **status quo. § 349(b)(3).**

11   *Jevic*, 137 S.C.t at 979 (emphasis added).

12         Section 349(b)(3) provides:

13
           **Unless the court, for cause, orders otherwise,** a dismissal
14         of a case other than under section 742 of this title . . .
           (3) revests the property of the estate in the entity in
15         which such property was vested immediately before the
           commencement of the case under this title.

16   11 U.S.C. § 349 (emphasis added).

17         *Jevic* explained that as a rule dismissal revests property in the

18   debtor and reinstates the status quo but that "for cause," 11 U.S.C. §

19   349(b), the court may make "appropriate order" to avoid prejudice.

20   Referring to such orders as "structured dismissals" the court

21   commented:

22
           Nonetheless, recognizing that conditions may have changed
23         in ways that make a perfect restoration of the status quo
           difficult or impossible, the Code permits the bankruptcy
24         court, "for cause," to alter a Chapter 11 dismissal's
           ordinary restorative consequences. § 349(b). A dismissal
25         that does so (or which has other special conditions
           attached) is often referred to as a "structured dismissal,"
26         defined by the American Bankruptcy Institute as a

27            "hybrid dismissal and confirmation order ... that ...
              typically dismisses the case while, among other things,
28            approving certain distributions to creditors, granting

                                          5

1

2

> certain third-party releases, enjoining certain conduct
> by creditors, and not necessarily vacating orders or
> unwinding transactions undertaken during the case."
> American Bankruptcy Institute Commission To Study the
> Reform of Chapter 11, 2012-2014 Final Report and
> Recommendations 270 (2014).

3

4

*Jevic*, 137 S.C.t at 979.

5

6

    Reliance by a party in interest "on the bankruptcy case" presents

7

a textbook example of § 349(b) cause.  HR. Rep No. 95-595 at 338;

8

*Wiese v. Community Bank of Central Wis.*, 552 F.3d 584, 590 (7th Cir.

9

2009) ("upholding, under § 349(b), a Bankruptcy Court's decision not

10

to reinstate a debtor's claim against a bank that gave up its lien in

11

reliance on the claim being released in the debtor's reorganization

12

plan"), cited by *Jevic*, 137 S. Ct. 984.

13

    Slidebelts Inc.'s dismissal presents such a case of reliance by

14

committee professionals, i.e., Daren R. Brinkman, attorney at law, and

15

Dundon Advisors, LLC, which have rendered services that would

16

ordinarily be paid in chapter 7 or chapter 11, at least to the extent

17

of administrative solvency.  11 U.S.C. § 1129(a)(9) (chapter 11

18

professional fees paid in full on the effective date of the plan); 11

19

U.S.C. §§ 503(b), 507(a)(2), 726(a)(1) (professionals entitled to a

20

first order priority in chapter 7); *In re Cochise College Park, Inc.*,

21

703 F.2d 1339, 1356 fn. 22 (9th Cir. 1983) (insolvent estates pay

22

administrative claims pro-rata); *In re Lazar*, 83 F.3d 306, 308-09 (9th

23

Cir. 1996).  Moreover, payment administrative professionals fall in

24

neatly within the realm of structured dismissals.

25

    Any prejudice to the debtor is outweighed by the need to protect

26

professionals who have rendered services in reliance on the bankruptcy

27

case.  Here, prejudice occasioned by delay is minimal, i.e.,

28

approximately 40 days.  Moreover, the decision to dismiss and re-file

1 | belonged to Slidebelts, Inc.  Any prejudice occasioned by its course

2 | of action is the result of its own making.

3 |     Without the order made by the court after the hearing, Slidebelts

4 | Inc.'s second Chapter 11 filing will relegate them to the fate of

5 | general unsecured creditors.  As a result, the court finds the cause,

6 | i.e., reliance by attorney Brinkman and financial advisor Dundon,

7 | exists.

8 | **IV.   CONCLUSION**

9 |     For each of these reasons, the debtor's motion will be denied.

10 | The court will issue an order from chambers.

11 |

   Dated:  Jul 06, 2020

12 |

13 |                             _____

                            Fredrick E. Clement

14 |                             United States Bankruptcy Judge

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |
| **All Creditors** | |