**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

SLIDEBELTS, INC.,

           Debtor.

Case No. 19-25064-A-11

DRB-3, DRB-4

**MEMORANDUM**

Submitted on July 24, 2020

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:    Daren R. Brinkman, Brinkman Portillo Ronk,
APC for the Official Committee of
Unsecured Creditors

As amended December 1, 2019, Federal Rule of Bankruptcy Procedure 9036 provides that filing a document with the Clerk of the Court is deemed service of that document on "register user[s]" of that court's electronic filing system.  This decision delineates the edges of that rule.

I.    **FACTS**

Slidebelts, Inc. manufacturers and sells belts for the clothing industry and for consumers.  Unable to meet its financial obligations, Slidebelts filed a Chapter 11 bankruptcy.  It did not avail itself of the advantages of the Small Business Chapter 11, 11 U.S.C. §§ 1121(e), 101(51C)-(51D), or the Subchapter V Chapter 11, 11 U.S.C. §§ 1181-1195.[1]  The creditors matrix filed in support of the petition contains 231 creditors and equity holders.

The U.S. Trustee appointed an unsecured creditors committee.  The committee retained counsel, Daren R. Brinkman, and a financial advisor, Dundon Advisors, LLC.

Slidebelts moved to dismiss its pending Chapter 11.  Its stated intention in doing so was to obtain Paycheck Protection Program Funding Program of the CARES Act and then to re-file a Subchapter V Chapter 11 case.  This court granted the motion.  But it retained jurisdiction over professional fees and set a bar date for filing applications for compensation.  Order, June 30, 2020, ECF No. 403. Because the debtor's own counsel had been paid, committee counsel had not been paid, and the debtor's contemplated Chapter 11 refiling would transform committee professionals fees to general unsecured claims,

---

[1] It appears that Slidebelts was ineligible for relief under Subchapter V of Chapter 11 until the CARES Act raised the applicable debt limit to $7.5 million.  11 U.S.C. § 1182(1).

the court took the unusual step of ordering that all professionals'
fees in the Chapter 11 case be paid in full or, absent full payment,
prorate. *Id.* at ¶¶ 3-5; Memorandum 6:5-7:7, July 6, 2020, ECF No.
418.

**II.   PROCEDURE**

Committee counsel Daren R. Brinkman, and a financial advisor,
Dundon Advisors, LLC made a timely application for compensation.
Order ¶ 3, June 30, 2020, ECF No. 403.  Each application is supported
by a certificate of service, which was signed by attorney Brinkman,
which states:

> On July 6, 2020, I filed the foregoing documents with the
> Court's electronic filing system, which sent notice to all
> parties of record who have appeared and accepted electronic
> service through the Court's electronic filing system,
> including counsel for: the Debtor; the U.S. Trustee;
> Advanced CFO; AmTrust North America, Inc; Glad Evergreen
> Industry Co., Ltd; EisnerAmper LLP; First U.S. Community
> Credit Union; and Cross River Bank.
>
> On July 6, 2020, I checked the docket in this case and saw
> that the only parties requesting special notice are the
> U.S. Trustee, AmTrust North American, Inc., and Cross River
> Bank.  **Given that all parties in interest and all parties
> requesting special notice are receiving notice through ECF,
> I submit that no further notice is necessary.**

Certificates of Service, July 6, 2020, ECF No. 417, 427 (emphasis
added).[2]

**III. DISCUSSION**

The debtor, all creditors, indenture trustee and U.S. Trustee
must receive 21-days notice of "any entity's request for compensation
and expenses if the request exceeds $1,000."  Fed. R. Bankr. P.

---

[2] The Certificate of Service ECF No. 417 appears only to serve the motion for
order shortening time.  The Amended Notice of Hearing, which set the matter
for August 3, 2020, does not appear to have been served at all and there is
not applicable certificate of service.  Presumably attorney Brinkman would
advance a similar argument, i.e., that Rule 9036 obviates the need for
service by counsel.

2002(a)(6), 9034(e).

Effective December 1, 2019, Rule 9036 allows services by filing a document with the Clerk of the Court but only on a "registered user" of the court's electronic filing system and by "other electronic means" on those that have consented in writing:

> Whenever these rules require or permit sending a notice or serving a paper by mail, **the clerk,** or some other person as the court or these rules may direct, **may send the notice to**--or serve the paper on--**a registered user by filing it with the court's electronic-filing system. Or it may be sent to any person by other electronic means that the person consented to in writing.** In either of these events, service or notice is complete upon filing or sending but is not effective if the filer or sender receives notice that it did not reach the person to be served. This rule does not apply to any pleading or other paper required to be served in accordance with Rule 7004.

Fed. R. Bankr. P. 9036 (emphasis added).

No known case has construed Rule 9036 since its most recent amendment.  On its face, Rule 9036 contemplates two instances where e-service is proper: (1) "deemed service," where the mere act of filing a document with the Clerk of the Court will be deemed service on a "registered user" of the electronic filing system; and (2) "consensual service," where a party in interest may consent in writing and in advance "by other electronic means."  "Registered user" is not a defined term but is "presumably...is an entity that has signed up to sue the court's electronic filings system."  10 *Collier on Bankruptcy*, ¶ 9036.01 n. 6(Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Deemed service has not occurred.  In the Eastern District of California attorneys and trustees may register as e-filers.  LBR 5005-1(b),(d).[3]  Parties are not registered e-filers, subject to the deemed

---

[3] In the pertinent part LBR 5005-1 provides:

    (b)  <u>Electronic Filing Mandatory</u>. Except as provided in

served rule. *Id.* Since here there are 231 creditors and other parties in interest entitled to notice of the motion for compensation under Rule 2002(a)(6) and since only all small handful of those are entitled to file electronically, LBR 5005-1(b), the vast majority of creditors are not deemed served under Rule 9036.

Moreover, consensual electronic service has not occurred. Review of the docket only reveals one party in interest, i.e., the U.S. Trustee, that has actually consented to electronic service. Notice of Appearance, April 20, 2020, ECF No. 286.

**IV.  CONCLUSION**

For these reasons, the court deems the notice required by Federal Rule of Bankruptcy Procedure 2002(a)(6) insufficient and will continue

---

Subpart (d) below, all documents shall be submitted for filing in electronic form in strict compliance with instructions of the Clerk in a format approved by the Court.

...

(d)   Exceptions to and Waivers of Requirement to File Documents in Electronic Form.

1) Pro Se Exception. Except as provided in Subpart (c), all unrepresented persons, sometimes referenced as "pro se litigants" or as "persons appearing in propria persona," shall file and serve paper documents.

2) Attorney and Trustee Waivers. Attorneys who regularly practice and trustees assigned cases in the Eastern District of California shall register as users of the Court's electronic filing system and file documents in electronic form, provided, however, that an attorney or trustee may apply for a waiver of this requirement. A request for waiver shall be submitted as an ex parte application supported by a declaration demonstrating cause for relief from the requirement to file in electronic form. The decision to permit the filing of paper documents is in the sole discretion of the Court and may be cancelled at any time upon notice to the attorney.

the applications for compensation for attorney Daren R. Brinkman, and a financial advisor, Dundon Advisors, LLC to allow proper notice.  The court will issue an order from chambers.

**Dated:**  Jul 24, 2020

Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court

**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| | |
|---|---|
| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |
| **All Creditors and interested parties as listed on the Court's Matrix.** | |